UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| EMK, INC. D/B/A EATON MOUNTAIN SKI AREA | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-08-383-B-W |
| FEDERAL PACIFIC ELECTRIC CO., | ) ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS IN LIMINE**

In this product liability action involving a claim that a defective product caused a fire, the Court grants a motion in limine to exclude hearsay within hearsay contained in a fire marshal's investigatory report and to exclude a causation opinion contained in a municipal fire department report.  It also grants in part a motion in limine to exclude reference to the current status of the defendant as a shell corporation no longer manufacturing products.

**I.     STATEMENT OF FACTS**

On January 28, 2005, EMK's maintenance garage burned to the ground.  On November 7, 2008, EMK filed suit against Federal Pacific, claiming that an electric baseboard heater that Federal Pacific manufactured caused the fire.  *Compl.* Attach. 3 (Docket # 3).   The case is scheduled for trial beginning January 19, 2010.  On November 16, 2009, Federal Pacific filed two motions in limine: the first seeking to exclude hearsay statements from the state Fire Marshal's Report and the Skowhegan Fire Department's Report; and, the second seeking to exclude evidence that it no longer actively manufactures the product.  *Def.'s Mot.* in Limine *to Exclude Hearsay Statements Contained Within State Fire Marshall's Report and Skowhegan Fire Department's Report* (Docket # 22) (*Def.'s Fire Marshal Mot.*); *Def.'s Mot.* in Limine *to*

*Preclude Evidence That It No Longer Actively Manufactures Products* (Docket # 23) (*Def.'s Status Mot.*). On December 21, 2009, EMK responded to the motions in limine. *Pl.'s Mem. of Law in Resp. to Def.'s Mot.* in Limine *to Preclude Evidence That It No Longer Actively Manufactures Products* (Docket # 36) (*Pl.'s Status Resp.*); *Pl.'s Mem. of Law In Opp'n to Def.'s Mot.* in Limine *to Exclude Hearsay Statements Contained in the State Fire Marshal's Report and Skowhegan Fire Department's Report* (Docket # 37) (*Pl.'s Fire Marshal Resp.*). Federal Pacific replied on January 4, 2010. *Def.'s Reply Mem. in Support of Its Mot.* in Limine *to Exclude Hearsay Statements Contained Within State Fire Marshall's Report and Skowhegan Fire Department's Report* (Docket # 51) (*Def.'s Fire Marshal Reply*); *Def.'s Reply Mem. of Law in Support of its Mot.* in Limine *to Preclude Evidence That It No Longer Actively Manufactures Products* (Docket # 52) (*Def.'s Status Reply*).

Federal Pacific's first motion involves the investigative reports of the state Fire Marshal and of the Skowhegan Fire Department. Specifically, although Federal Pacific acknowledges that portions of the Fire Marshal's report "arguably fall[] within the hearsay exclusion contained within Federal Rule of Evidence 803(8)(C)," it contends that "statements contained within the report that were made to Fire Marshal Jacobs by Eugene Kent ("The owner") are inadmissible hearsay." *Def.'s Fire Marshal Mot.* at 3. Regarding the Skowhegan Fire Department Report, Federal Pacific says that the Skowhegan Fire Department was not authorized by law to conduct a cause and origin investigation and that the findings in its Report "lack sufficient trustworthiness to be admitted under section 803(8)," *id*. at 4, and that there is "no basis for the conclusion drawn by the report." *Id.* at 5.

Federal Pacific's second motion concerns its status as a corporation and that it is no longer involved in the business of manufacturing products. *Def.'s Status Mot.* at 1-2. Federal

2

Pacific is concerned that "the jury may draw the impermissible and erroneous assumption that because Federal Pacific no longer 'exists,' and there is therefore no source to pay any verdict, that a verdict for the Plaintiff will have no impact on Federal Pacific," *id.* at 1, and may encourage a jury to "award an inappropriately large verdict for the Plaintiff." *Id* at 2.

## II.   DISCUSSION

### A.   The Fire Marshal and Skowhegan Fire Department Reports

#### 1.   Statements Contained Within the Fire Marshal's Report:  Rule 803(8)

Federal Pacific seeks to exclude from the Fire Marshal's report only statements that Eugene Kent, the owner of EMK, made to the state Fire Marshal during his investigation of the fire.  Federal Pacific says that the majority of the objectionable statements are found in the Fire Marshal's summary of his interviews with Mr. Kent on January 29 and February 1, 2005 and other objectionable statements are "scattered across the remaining pages of Fire Marshal Jacobs' narrative."  *Def.'s Fire Marshal Mot.* at 3.

> Judge Weinstein's treatise addresses this issue:
>
> Rule 602 provides that witnesses must have personal knowledge in order to testify.  For hearsay statements, the declarant is a witness, and the hearsay exceptions in Rule 803 do not dispense with the requirement of personal knowledge.  Thus, to be admissible under Rule 803(8), an investigative report must generally be based on the observations and knowledge of the person who prepared the report.  Statements by third persons that are recorded in an investigative report are hearsay within hearsay.  As such, they are inadmissible unless they qualify for their own exclusion or exception from the hearsay rule, e.g., as party admissions or as qualifying under some other hearsay exception.

5 Joseph M. McLaughlin, Jack B. Weinstein, Margaret A. Berger, Weinstein's Federal Evidence § 803.10[4][a] (2d ed. 2009) (Weinstein).  The First Circuit case of *United States v. Mackey*, 117 F.3d 24, 28-29 (1st Cir. 1997) is directly on point.  In *Mackey*, a defendant sought to admit statements of a witness contained in an FBI report.  The First Circuit acknowledged that "[o]n its

3

face, the FBI report recording the interview with [the witness] might at first glance appear to fit within the body of the public records exception." *Id.* at 28. But, the *Mackey* Court noted:

> In line with the advisory committee note to Rule 803(8), decisions in this and other circuits squarely hold that hearsay statements by third persons . . . are not admissible under this exception merely because they appear within public records. This is the same "hearsay within hearsay" problem that is familiar in many contexts.

*Id.* at 28-29 (internal citation omitted); *see United States v. Pagan-Santini*, 451 F.3d 258, 264 (1st Cir. 2006); *Bates v. Kender*, 537 F. Supp. 2d 281, 282-83 (D. Mass. 2008). Fire Marshal Jacobs' recitation in the Incident Summary Report of Mr. Kent's statements is not admissible under Rule 803(8).[1] The Court grants Federal Pacific's motion in limine on this issue.

### 2. The Skowhegan Fire Department Report

The Skowhegan Fire Department filed a report that contains the following "Remarks":

> Structure fire in maintenance garage at Eaton Mtn. Ski Area. <u>Fire cause determine to be a result of faulty electric heater in bathroom in garage.</u> Fire extended to ski lodge, nearby mobile home, and vehicle parked near the garage.

*Fire Department Report* Attach. 2 at 3 (Docket # 22) (emphasis supplied). Federal Pacific contends that the causation statement in the report is inadmissible because it was not expressed pursuant to its statutory authority, thereby failing to meet the "matters observed pursuant to duty imposed by law as to which there was a duty to report." Fed. R. Evid. 803(8)(B) (stating that the following are not excluded by the hearsay rule "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report"). Federal Pacific next contends that the statement is inadmissible, because it is untrustworthy. Fed. R. Evid. 803(8)(C) (stating that the following are not excluded by the hearsay rule "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth

---

[1] As Judge Weinstein's treatise suggests, the statements could be admissible under another rule.

. . . (C) in civil actions . . ., factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness").

Even assuming that the statement might be admissible under Rule 803(8)(B) or (C), the Court agrees with Federal Pacific that it is inadmissible under Rule 403. Weinstein at § 803.03[1] (stating that "a qualified hearsay statement may be rejected under Rule 402 if it is irrelevant or under Rule 403 if its probative value is substantially outweighed by the risk of unfair prejudice"). The critical issue in this case is whether a defect in Federal Pacific's electric baseboard heater caused the January 28, 2005 fire. As its report reveals, the Skowhegan Fire Department responded quickly to the alarm just before 9 p.m. and left the scene at 2:20 a.m. the next day. The report was filed immediately and there is no indication that a thorough cause and origin assessment was made or that the heater was examined for defects. Instead, the report simply states that "[f]ire cause determined to be a result of faulty electric heater in bathroom in garage." It does not say who made this determination, his or her qualifications to make this determination, what they did to make this determination, and what other possible sources were considered and eliminated.

Because it is the report of the Skowhegan Fire Department and carries the imprimatur of municipal government, the jury could well place undue emphasis on its summary causation conclusion on the assumption that it reflects the considered opinion of a fire investigator, who is cloaked with governmental objectivity and expertise. Consistent with *Matthews v. Ashland Chemical, Inc.*, 770 F.2d 1303, 1309-10 (5th Cir. 1985), the Court concludes that, though relevant, the probative value of the causation statement in the Skowhegan Fire Department Report is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and

misleading the jury.[2]  Fed. R. Evid. 403; *see Cullen v. Mattaliano*, No. 91-1446, 1991 U.S. App. LEXIS 32852, at *13-15 (1st Cir. Dec. 31, 1991).

        **B.**      **Federal Pacific's Status**

Federal Pacific's motion contains very little evidence about its corporate status. It says only that it is no longer involved in the business of manufacturing products. In its response, EMK asserts that Federal Pacific "still exists as a corporate entity but does not currently manufacture products and has been a shell operation for some time." *Pl.'s Status Resp.* at 1. Apparently, around 2003 – 2004, when EMK built the maintenance garage, Federal Pacific was a going corporation which was involved in the manufacture of electric baseboard heaters. The parties agree that evidence of Federal Pacific's status in 2003 – 2004 is admissible and may be relevant to the testimony of a potential witness in this case who was employed by Federal Pacific at that time. *Id*. at 1-2. They disagree, however, as to whether its current status is admissible.

Based on this very limited backdrop, it is difficult to see how Federal Pacific's current status as a shell corporation would be relevant to the issues before the Court. Fed. R. Evid. 401, 402. Further, there is a danger of unfair prejudice, confusion of issues, or misleading the jury. Fed. R. Evid. 403. If its status as a shell were revealed, a jury could either be confused about Federal Pacific's viability as a proper defendant, could speculate about whether there is insurance coverage, or could draw unwarranted conclusions about the soundness of its product line and the connection to its corporate demise. *Id.* At the same time the Court can envision developments at trial that could make Federal Pacific's current status relevant and not violative of Rule 403. The Court therefore grants Federal Pacific's motion in part only. Counsel for both parties will refrain from referring to Federal Pacific's current status as a shell corporation that no

---

[2] In *Matthews*, the proponent of the fire investigation report presented evidence of the nature of the investigation and the investigator's qualifications. *Matthews*, 770 F.2d at 1309-10. If EMK wishes to present the author of the Skowhegan Fire Department Report's causation opinion to convince the Court otherwise, it is free to do so.

longer manufactures any products, including electric baseboard heaters, during their opening statements and shall instruct their witnesses not to make reference to such status during their testimony. In the event a party contends that evidence of Federal Pacific's current status has become relevant, before eliciting such testimony, counsel must first approach the Court and obtain a definitive ruling.

### III.   CONCLUSION

The Court GRANTS Federal Pacific's motion *in limine* (Docket # 22) and excludes the recitation of Eugene Kent's statements in the Fire Marshal's Report and the causation statement in the Skowhegan Fire Department Report. The Court GRANTS Federal Pacific's motion *in limine* (Docket #23) in part and excludes reference to Federal Pacific's current status pending further order of the Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2010